[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
The defendant-appellant, Harry Kersey, appeals the judgment entered and the sentence imposed pursuant to the verdict returned by the jury finding him guilty of the three counts of rape set forth in the indictment. Kersey was charged in each count with the forcible rape of a female child less than thirteen years of age, and each count was accompanied by a specification that Kersey is a sexually violent predator.[1] After submission of a presentence report, the court sentenced Kersey to imprisonment for life, with credit for time served, on each count and ordered the terms to run concurrently. In this appeal, Kersey is represented by appointed counsel other than the counsel who had represented him at the trial.
The trilogy of issues presented for review by Kersey's appellate counsel, which we consider to be assignments of error, raise the questions of whether Kersey was proven guilty beyond a reasonable doubt, whether the prosecutor was guilty of misconduct in the opening statement and closing argument, and whether Kersey was denied the effective assistance of trial counsel.
The first count alleged a rape that occurred on an undetermined date in January 1995, the second rape in the same month and year, and the third on another undetermined date in May 1998. The birthdate of the victim was March 6, 1986.
Evidence adduced by the prosecution arguably demonstrated that, during the time periods specified in the several counts, Kersey was the boyfriend of the victim's natural mother and was living with her on a regular basis. According to the child's testimony, Kersey's conduct began with cunnilingus and progressed to frequent acts of intercourse committed in the absence of her mother. It was not until mid-August 1998, when the child was temporarily in the home of a female relative, that she felt safe enough to divulge the details of Kersey's behavior. An expert, whose qualifications were stipulated, testified that the condition of the child's vaginal area was consistent with her description of Kersey's acts.
Kersey's trial counsel made a motion for acquittal when the prosecution had concluded its case-in-chief, rested without calling Kersey to testify or presenting any other evidence, and then, again, moved for acquittal. Both motions were overruled, and arguments to the jury followed.
The first assignment is overruled on the authority ofState v. Waddy (1992), 63 Ohio St.3d 424, 588 N.E.2d 819; Statev. Barnes (1986), 25 Ohio St.3d 203, 495 N.E.2d 922; State v. Eley
(1978), 56 Ohio St.2d 169, 383 N.E.2d 132; and State v. DeHass
(1967), 10 Ohio St.2d 230, 227 N.E.2d 212.
The second assignment is overruled, because the record does not demonstrate affirmatively that Kersey was prejudiced by the prosecutor's several remarks to the degree that he was prevented from having a fair trial. See State v. Lott (1990),51 Ohio St.3d 160, 555 N.E.2d 293.
In support of his contention in his third assignment of error, that his trial counsel failed to afford him effective assistance, Kersey claims that counsel failed to offer as evidence certain records from the "DHS files" and unspecified police reports that, he argues, would "clearly show" that the testimony of the child involved in this case was "untrue." Obviously, the strength of the state's case rested primarily on the child's testimony. Trial counsel cross-examined her aggressively and extensively, while, at the same time, exercising caution not to badger her and so run the risk of arousing sympathy toward her by the jury. The record leaves no room for doubt that, during the time periods set forth in the indictment, Kersey lived in close contact with the child and her mother, and the child's testimony was so graphic that cross-examination provided the only avenue of defense. The task to exculpate Kersey became virtually impossible when the examining physician's testimony was heard. The record in its entirety convinces us that the third assignment must be overruled on the authority of the second and third paragraphs of the syllabus in State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373:
 2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976], 48 Ohio St.2d 391, * * * 358 N.E.2d 623; Strickland v. Washington [1984], 466 U.S. 668, 104 S.Ct. 2052, * * * followed.)
 3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.
Therefore, the judgment of the trial court is affirmed.
 ______________________________ DOAN, PRESIDING JUDGE
 PAINTER and SHANNON, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] Kersey elected to have the specifications tried by the judge who presided at his jury trial, but he has not appealed the court's finding that he is a sexual predator.